```
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - - -x
In re:                              :

JOHN FALLONE AND ASSUNTA FALLONE    :    BK No. 10-12866
           Debtors                          Chapter 7

- - - - - - - - - - - - - - - - - -x
FIRST SEALORD SURETY, INC.          :
           Plaintiff
v.                                  :    A.P. No. 10-1103

JOHN FALLONE AND ASSUNTA FALLONE    :
           Defendants
- - - - - - - - - - - - - - - - - -x
```

## ORDER

Heard on Defendants' ("Fallone") Motion to Dismiss First Sealord Surety, Inc.'s ("First Sealord") Adversary Proceeding. The Court heard oral arguments. There are no disputed issues of fact. The question before the Court is whether an Order, erroneously entered (or authorized by this Court to be entered), which purports to extend a jurisdictional deadline, may enlarge or diminish the rights of any party? And the answer is no.

## FACTS AND TRAVEL

The Fallones filed this case on July 2, 2010. The Section 341 meeting of creditors was first scheduled for hearing by the Trustee on August 9, 2010. The meeting was continued several times, and the Trustee has not filed a report concluding the meeting. On November 19, 2010, 42 days after the applicable deadline expired, First Sealord filed a motion to extend the time within which to file a complaint under 11 U.S.C. §§ 523 and/or 727. On December 7,

BK No. 10-12866; A.P. No. 10-1103

2010, First Sealord's motion to extend the time to file such complaint was granted administratively.[1] On December 12, 2010, with apparent Court approval in hand, First Sealord understandably filed the instant Adversary Proceeding seeking a determination of dischargeability of its debt under 11 U.S.C. § 523, and objecting to discharge under 11 U.S.C. § 727.  The Defendants move for dismissal of the Complaint on the ground that it was filed out of time.

## **DISCUSSION**

The time for filing a complaint to deny a discharge, or to determine the dischargeability of a debt is governed by Bankruptcy

---

[1] This was a garden variety mistake which clearly overlooked the applicable law.

BK No. 10-12866; A.P. No. 10-1103

Rules 4004(a) and (b)[2] and 4007(c).[3]  These Rules establish a jurisdictional 60 day period from the time of the *first* scheduled Section 341 meeting for a creditor to file either an adversary proceeding, or a motion to extend the deadline within which to file such adversary proceeding.[4]  Addressing the exact question

---

[2]  Rule 4004(a)and (b):

**(a)  Time for Objecting to Discharge; Notice of Time Fixed**.  In a chapter 7 case a complaint, or a motion under § 727(a)(8) or (a)(9) of the Code, objecting to the debtor's discharge shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a).

**(b) Extension of Time**.  On motion of a party in interest, after hearing on notice, the court may for cause extend the time to file a complaint objecting to discharge, The motion shall be filed before the time has expired.

[3]  Rule 4007(c):

**Time for Filing Complaint under § 523(c) in a Chapter 7 Liquidation** . . .  Except as provided in subdivision (d), a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). . .  On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision.  The motion shall be filed before the time has expired.

[4]  Enlargement of deadlines is governed by Bankruptcy Rule 9006(b).  Specifically, Bankruptcy Rule 9006(b)(3) states that "the court may enlarge the time for taking action under Rules . . . 4004(a), 4007(c) . . ., only to the extent and under the conditions stated in those rules."  Bankruptcy Rule 9006(b)(3).

BK No. 10-12866; A.P. No. 10-1103

presented here, the First Circuit held that

> Rule 4007(c) requires that a motion seeking enlargement of the period for objecting to discharge or dischargeability must be filed before the time period has expired (citations omitted). With respect to late-filed motions, the rules make no allowance for excusable neglect. . . Rule 4007(c) therefore precludes the bankruptcy court from granting late-filed motions to extend the period in which a party can object to the dischargeability of a debt.

*Lure Launchers, LLC v. Spino* (*In re Spino*), 306 B.R. 718, 721 (1st Cir. BAP 2004).

Given the unambiguous language of the Rules, and the holding in *Spino*, it is clear that bankruptcy courts do not have discretion to allow motions to extend such deadlines, where the request is made after the statutory deadline has expired.

Here, the first meeting of creditors was scheduled for August 9, 2010, which established October 8, 2010, as the deadline for creditors or the Trustee to file either a motion to extend the objection deadline or to file an adversary proceeding. First Sealord took no action to extend the deadline until November 19, 2010, *42 days* after the deadline had passed.

Notwithstanding that First Sealord had in hand an order signed by the Judge, authorizing a deadline extension, that order is a nullity. This Court does not have the authority to grant the relief requested in First Sealord's untimely motion, and there is

4

BK No. 10-12866; A.P. No. 10-1103

nothing the Court can do, retroactively or otherwise, to create or confer jurisdiction where none exists.

Accordingly, the Fallones' Motion to Dismiss is **GRANTED**, and the parties are left with the Court's apology for its error.

Entered as an Order of this Court.

Dated at Providence, Rhode Island, this 21st day of April, 2011.

                                              Arthur N. Votolato
                                              U.S. Bankruptcy Court

Entered on docket: 4/21/11